# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2157 | **DATE** | 7/20/2011 |
| **CASE TITLE** | Leaf Funding, Inc. v. Vincent R. Crescenzo, D.D.S., Ltd. et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for summary judgment [38] is granted with respect to its claims for foreclosure, breach of contract, replevin, and detinue. Plaintiff is awarded damages in the amount of $1,873,250.33. Plaintiff is directed to file a draft foreclosure judgment order within seven days of the date of this order. Plaintiff should also file a proposed order addressing any additional relief it seeks in connection with its claims for replevin and detinue by that date. The parties are directed to address any disagreements concerning the issue of attorneys' fees by the procedure mandated by Local Rule 54.3. Status hearing set for 7/22/11 is reset for 7/29/11 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Beginning in July 2006, Leaf Funding, Inc. ("Leaf") entered into a series of loan agreements with defendant Vincent R. Crescenzo, D.D.S., Ltd. ("Crescenzo D.D.S."). In connection with the agreements, Crescenzo D.D.S. gave Leaf a security interest in its assets. In addition, Vincent Crescenzo ("Crescenzo") secured repayment of Crescenzo D.D.S.'s debt by executing a personal guaranty that gave Leaf a security interest in all of his assets. The loans were eventually consolidated in a Restructuring Agreement for a total amount of $1,851,600. In October 2009, defendants defaulted and Leaf filed suit seeking a judgment of foreclosure and sale of certain property in Tinley Park, Illinois. Leaf's complaint also asserted claims for breach of contract, replevin, detinue, and for breach of Crescenzo's personal guaranty. (The latter claim was dropped after Crescenzo filed for Chapter 7 bankruptcy and received a discharge. *See* Mem. at 3 n.2). Leaf now moves for summary judgment on each of its claims. It also seeks damages in the amount of $1,879,583.13, and attorneys' fees and costs in the amount of $36,918.74

Summary judgment is proper where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because defendants failed to file a Rule 56.1(b)(3) response to Leaf's statements of material fact, all of Leaf's statements that are fairly supported by the evidence are deemed admitted. *See, e.g.*, *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D.

## STATEMENT

Ill. 2000). When these facts are admitted, the elements for each of its causes of action are established. Indeed, while defendants have filed a brief in opposition to Leaf's motion, they do not dispute their liability for any of Leaf's claims. Hence, I grant Leaf summary judgment with respect to its claims for foreclosure, breach of contract, replevin, and detinue.

Defendants raise two objections to Leaf's motion. First, they object that Leaf has failed to make clear how it arrived at its damages of $1,879,583.13. But that simply is not true. The calculations by which the damages were determined are set forth very clearly in the affidavit of James J. Grant, Leaf's Vice President of Portfolio Management. *See* Grant Aff. (Doc. 42-1) ¶ 4. This amount is comprised of the following:

> 6.176 past due payments of $8,500 and 19 past due payments of $12,500 (totaling $295,000).
>
> 1 present payment of $12,500
>
> 75 future payments of $12,500 and one future balloon payment of $562,160 discounted to present value at a rate of 4% (totaling $1,173,638.74)
>
> Prejudgment interest at the rate of 18% from the date of default (October 19, 2009) through April 11, 2011 (totaling $394,426.80)
>
> Late charges in the amount of $4,017.59.

*See* Grant Aff. ¶ 55.

Defendants take issue with the fact that Leaf seeks prejudgment interest on "75 future payments which have not yet accrued." Resp. at 2. But this is specifically provided for in the parties' Master Loan and Security Agreement ("MLSA"), which allows Leaf, "[u]pon the occurrence of any Event of Default," to "(a) declare the Termination Amount . . . of each Term Note of each Term Note immediately due and payable without notice or demand, [and] (b) charge Borrower interest on all moneys due lender at the rate of eighteen percent (18%) per annum or the maximum rate permitted by law, whichever is less, from the date of default until paid in full." MLSA ¶ 5, Ex. 11 to Grant Aff. (Doc. 42-3).

While Leaf's damages calculation is sufficiently clear and generally well-founded, it appears to have made an error in computing the amount due for the 6.176 past due payments of $8,500 and 19 past due payments of $12,500. According to Leaf, this comes to a total of $295,000, but the actual total appears to be $289,996.00. Adjustment of this figure in turn requires adjustment of other figures. Thus, when $289,996 is added to $12,500 and 1,173,638.74, the adjusted total is $1,476,134.74; when the prejudgment interest on this amount is recalculated, the total is $393,098 (instead of $394,426.80); and when these amounts are added to the late charges of $4,017.59, the grand total is $1,873,250.33 (instead of $1,879,583.13). Accordingly, I grant Leaf damages in the amount of $1,873,250.33.

**STATEMENT**

Defendants' second objection is that Leaf's request for attorneys' fees is unreasonable. In contrast to its first objection, defendants' arguments regarding attorneys' fees are quite specific. Among other things, they argue that the number of hours devoted to the case was excessive, and that many of Leaf's billing entries lack sufficient documentation. However, it appears that the parties have yet to engage in the process required by Local Rule 54.3. In particular, the Rule requires parties to "confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." N.D. Ill. L.R. 54.3(d). It also requires parties to prepare a joint statement regarding any issues that remain in dispute after meeting and conferring. N.D. Ill. L.R. 54.3(e). The parties are directed to follow the procedures required by Local Rule 54.3 before seeking to adjudicate their disagreements here.

For the foregoing reasons, I grant Leaf's motion for summary judgment with respect to its claims for foreclosure, breach of contract, replevin, and detinue, and I grant Leaf's request for damages in the amount of $1,873,250.33. Leaf is directed to file a draft foreclosure judgment order within seven days of the date of this order. Leaf should also file a proposed order addressing any additional relief it seeks in connection with its claims for replevin and detinue by that date. The parties are directed to address any disagreements concerning the issue of attorneys' fees by the procedure mandated by Local Rule 54.3.